Geffrey KLEIN, M.D., Appellant,

v.

Cynthia HERNANDEZ, as Next Friend
of N.H., a Minor, Appellee.

No. 01–06–00569–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 4, 2010.

Alicia Thais Kramer, Marion W. Kruse, Kruse Law Firm, P.C., Cameron P. Pope, Andrews Kurth, LLP, Houston, TX, for Appellant.

Robert J. Talaska, Theodore Gregory Skarbowski, The Talaska Law Firm, P.L.L.C., Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices JENNINGS and ALCALA.

## OPINION

TERRY JENNINGS, Justice.

In this interlocutory appeal,[1] appellant, Geffrey Klein, M.D., challenges the trial court's order denying his motion for summary judgment on the health care liability claims made against him by appellee, Cynthia Hernandez,[2] as next friend of N.H., a minor.[3] Following a remand from the Texas Supreme Court, Klein contends that his affirmative defense of official immunity bars appellee's claims of negligence.

We affirm.

---

**1.** *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon 2008).

**2.** Before the trial court rendered the complained-of orders, Cynthia Hernandez died. Although Hernandez's counsel filed a suggestion of death and moved to appoint N.H.'s aunt as her next friend, Hernandez's name appears on the complained-of orders, and so we refer to Hernandez as the appellee for purposes of this opinion.

**3.** In his briefing to this Court, Dr. Klein originally contended, in two points of error, that the trial court erred in denying his motion to dismiss for lack of jurisdiction and motion for summary judgment, in which he asserted that he is immune from suit and liability under chapter 312 of Texas Health and Safety Code ("chapter 312"). *See* TEX. HEALTH & SAFETY CODE ANN. §§ 312.001–.007 (Vernon 2010). In the supreme court, Klein asked for a remand to our Court solely for a consideration of the merits of his affirmative defense of official immunity. As explained below, the affirmative defense of official immunity is implicated when claims are made against a government employee in his individual capacity.

## Background

Hernandez sued Dr. Klein, alleging negligence during the delivery of her daughter, N.H., at Ben Taub General Hospital. Ben Taub is "a part of the Harris County Hospital District, a political subdivision of the State." *See Klein v. Hernandez*, 315 S.W.3d 1, 2 (Tex.2010) (citing TEX. HEALTH & SAFETY CODE ANN. § 281.002(a) (Vernon 2010) and TEX. CONST. art. IX, § 4). At the time of N.H.'s delivery, Klein was practicing at Ben Taub as a resident physician with the Baylor College of Medicine, a "supported medical school" that "has contracts with the Texas Higher Education Coordinating Board and receives state funding specifically allocated for training physicians who provide medical care at public hospitals such as Ben Taub." *Id.* (citing TEX. HEALTH & SAFETY CODE ANN. § 312.002(6) (Vernon 2010)).

 Baylor and Dr. Klein jointly filed a motion to dismiss for lack of jurisdiction and a motion for summary judgment, asserting that they were entitled to immunity from suit and liability under sections 312.006 and 312.007 of the Texas Health and Safety Code. *See id.* (citing TEX. HEALTH & SAFETY CODE ANN. §§ 312.006, 312.007 (Vernon 2010)).[4] Baylor and Klein subsequently filed numerous supplements to these motions in which they consistently asserted immunity from both suit and liability under chapter 312. Hernandez responded to these motions, and eventually non-suited her claim against Baylor. *Id.* Despite the non-suit, the trial court denied the motions as to both Baylor and Klein, and both Baylor and Klein appealed the trial court's orders to our Court.

On April 17, 2008, we dismissed the appeals of both Baylor and Klein. *See Klein v. Hernandez*, 260 S.W.3d 1 (Tex. App.-Houston [1st Dist.] 2008), *rev'd, Klein*, 315 S.W.3d 1 (Tex.2010). After concluding that Klein was not an "officer or employee of the state" and that Baylor was not a "governmental unit," we held that we lacked jurisdiction to consider Klein's or Baylor's interlocutory appeals under either section 51.014(a)(5) or 51.014(a)(8) of the Texas Civil Practice and Remedies Code. *Id.* at 7–11; TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon 2008) (authorizing interlocutory appeal from denial of motion for summary judgment based on assertion of immunity by "an individual who is an officer or employee of the state"); *id.* § 51.014(a)(8) (Vernon 2008) (authorizing interlocutory appeal from grant or denial of plea to jurisdiction by "a governmental unit"). We also concluded that chapter 312 did not confer sovereign immunity and section 312.007(a) did "not confer upon Dr. Klein the immunity from liability enjoyed by an employee of a state agency," i.e., official immunity from any claims made by Hernandez against him in his individual capacity. *Id.* at 8, 10. We emphasized that "[h]ad the Legislature intended for those similarly situated to Dr. Klein to enjoy the right to an interlocutory appeal in circumstances such as those presented here, it could have expressly provided that right." *Id.* at 10. We further noted that although Klein and Baylor had, in a few instances, used the term "official immunity" in their trial court motions, Klein had "made no effort to establish the

4. We note that "[c]ourts often use the terms sovereign immunity and governmental immunity interchangeably," but "they involve two distinct concepts." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694, n. 3 (Tex. 2003). Sovereign immunity "refers to the State's immunity from suit and liability" and "[i]n addition to protecting the State from liability, it also protects the various divisions of state government, including agencies, boards, hospitals, and universities." *Id.* Governmental immunity "protects political subdivisions of the State, including counties, cities, and school districts." *Id.* Sovereign immunity is implicated here.

elements of such a defense."[5] *Klein,* 260 S.W.3d at 10, n. 18 (citing *Telthorster v. Tennell,* 92 S.W.3d 457, 461 (Tex.2002)).

The Texas Supreme Court affirmed in part and reversed in part. *Klein,* 315 S.W.3d 1. In regard to Baylor, the court affirmed our dismissal of Baylor's appeal, but did so apparently on the ground that Hernandez's filing of the non-suit had mooted any live controversy between the parties. *Id.* at 3–4. Although the court stated that it did not necessarily agree with our reasoning in regard to Baylor, its opinion reveals that, had it directly reached the issue, it would have disagreed with our conclusion that Baylor is not a "governmental unit" specifically entitled to bring an interlocutory appeal. *See id.* at 3–8.

The supreme court concluded that chapter 312 makes Baylor a " 'governmental unit of state government' and a 'state agency' for certain purposes, including its services at Ben Taub" and also "makes Klein a state employee for" those same purposes, including his resident physician

services at Ben Taub. *Id.* at 8 (citing TEX. HEALTH & SAFETY CODE ANN. §§ 312.006(a), 312.007(a)). The court further concluded that, by enacting chapter 312, the Legislature intended "to treat Baylor like other governmental entities providing services at public hospitals, extending the same protection and benefits to Baylor and its residents who work at these hospitals." *Id.* Thus, in regard to Dr. Klein, the supreme court held that, "[a]s an employee of a state agency, complaining about the denial of his motion for summary judgment based on an assertion of immunity, Klein [is] entitled to bring this interlocutory appeal like any other state employee, and the court of appeals erred in holding otherwise." *Id.* The supreme court reversed our dismissal of Klein's appeal and remanded to our Court for a consideration of the merits. *Id.*

In determining that Klein is entitled to bring an interlocutory appeal, and that we had erred in dismissing his appeal, the supreme court more broadly discussed the immunity afforded under sections 312.006 and 312.007.[6] In construing these sec-

---

5. Our concurring colleague, who opined that chapter 312 afforded Dr. Klein the ability to invoke the affirmative defense of official immunity, agreed with the majority that Klein, in his summary-judgment motion, did not assert the affirmative defense of "official immunity from liability." *See Klein v. Hernandez,* 260 S.W.3d 1, 21–22 (Tex.App.-Houston [1st Dist.] 2008) (Taft, J., concurring), *rev'd, Klein,* 315 S.W.3d 1 (Tex.2010).

6. Section 312.006, entitled "Limitation on Liability," provides,

(a) A medical and dental unit, supported medical or dental school, or coordinating entity engaged in coordinated or cooperative medical or dental clinical education under Section 312.004, including patient care and the provision or performance of health or dental services or research at a public hospital, is not liable for its acts and omissions in connection with those activities except to the extent and up to the maximum amount of liability of state government under Section 101.023(a), Civil

Practice and Remedies Code, for the acts and omissions of a governmental unit of state government under Chapter 101, Civil Practice and Remedies Code.

(b) The limitation on liability provided by this section applies regardless of whether the medical and dental unit, supported medical or dental school, or coordinating entity is a "governmental unit" as defined by Section 101.001, Civil Practice and Remedies Code.

Section 312.007, entitled "Individual Liability," provides,

(a) A medical and dental unit, supported medical or dental school, or coordinating entity is a state agency, and a director, trustee, officer, intern, resident, fellow, faculty member, or other associated health care professional or employee of a medical and dental unit, supported medical or dental school, or coordinating entity is an employee of a state agency for purposes of Chapter 104, Civil Practice and Remedies Code, and for purposes of determining the liability, if any, of the person for the person's acts or omissions while engaged in

tions, the court noted that the bill analysis "recited the intent to" "equaliz[e] liability" by establishing "that liability of units, schools, and entities engaged in cooperative or coordinated activities and services is the same as state government liability for a governmental unit of state government." *Id.* at 6 (citing Senate Comm. on Health and Human Services, Bill Analysis, S.B. 1062, 70th Leg., R.S. (1987)).

In commenting on Baylor's liability and immunity, the court stated,

> [W]e construe "the extent" and "the maximum amount" of liability as referencing separate subjects. Thus, a supported medical school is not liable, except (1) to the extent of liability of state government for the acts and omissions of a governmental unit of state government under the Tort Claims Act, and (2) up to the maximum amount of liability of state government under Section 101.023(a) of the Act. Section 312.006(b) confirms this reading, stating that "[t]he limitation on liability provided by this

section applies regardless of whether" the supported medical school "is a 'governmental unit' as defined by section 101.001, Civil Practice and Remedies Code." *Id.* § 312.006(b). Thus, a supported medical school does not need to be a governmental unit—like UT Medical Branch—*to be entitled to immunity;* the Health and Safety Code bestows such status by its own terms.

*Id.* at 8 (emphasis added).

■ Thus, although the supreme court's actual holding was limited to confirming Klein's right to bring an interlocutory appeal, the supreme court's opinion stands for the broader proposition that Chapter 312 affords a supported medical school, like Baylor, immunity from suit and liability and also affords residents providing physician services at those supported medical schools, like Dr. Klein, immunity from suit and liability, to the extent the claims at issue are made against them in their official capacity.[7]

the coordinated or cooperative activities of the unit, school, or entity.

(b) A judgment in an action or settlement of a claim against a medical and dental unit, supported medical or dental school, or coordinating entity under Chapter 101, Civil Practice and Remedies Code, bars any action involving the same subject matter by the claimant against a director, trustee, officer, intern, resident, fellow, faculty member, or other associated health care professional or employee of the unit, school, or entity whose act or omission gave rise to the claim as if the person were an employee of a governmental unit against which the claim was asserted as provided under Section 101.106, Civil Practice and Remedies Code.

TEX. HEALTH & SAFETY CODE ANN. §§ 312.006–.007

7. "A suit against a state official in his official capacity is *not* a suit against the official personally, for the real party in interest is the entity." *Texas A & M Univ. Sys. v. Koseoglu,*

233 S.W.3d 835, 844 (Tex.2007) (citation omitted). A suit brought against an employee in his official capacity "actually seeks to impose liability against the governmental unit rather than on the individual specifically named" and "is, in all respects other than name, ... a suit against the entity." *Id.* (citation omitted). We interpret Hernandez's trial court pleadings to present claims made against Dr. Klein in his individual capacity. *See Klein,* 260 S.W.3d at 22 n. 16 (Taft, J., concurring) (concluding that claims were brought against Dr. Klein in his individual capacity). The supreme court appears to have similarly interpreted the pleadings, as it has directed us to consider the merits of Klein's immunity defense asserted in his summary judgment motion, suggesting that the remaining claims are those asserted against Klein in his individual capacity. Finally, Klein, in his brief filed with the supreme court, asked solely for a remand for a review "on the merits" of his affirmative defense of official immunity.

## Standard of Review

■ Summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995). A defendant is entitled to summary judgment if the evidence disproves, as a matter of law, at least one element of each of the plaintiff's causes of action or if it conclusively establishes all elements of an affirmative defense. *Johnson,* 891 S.W.2d at 644.

## Official Immunity

In his sole issue on remand, Dr. Klein argues that the trial court erred in denying his summary judgment motion because his affirmative defense of official immunity bars Hernandez's claims.

As discussed above, the primary dispute originally presented by the parties in their briefing to this Court concerned whether chapter 312 conferred upon Baylor and Dr. Klein (presumably for claims made against him in his official capacity) immunity from suit and liability, i.e., sovereign immunity. The supreme court, in reversing in part, explained that chapter 312 affords Baylor and Klein (for official capacity claims) immunity from suit and liability, thus resolving the primary dispute presented in this case.[8] *Klein,* 315 S.W.3d at 8. The court also indicated that a medical resident, like Dr. Klein, may seek to establish his immunity from liability, i.e., official immunity, and the supreme court remanded to us, for a "consideration of the merits," Klein's complaint "about the denial of his motion for summary judgment based on [his] assertion of immunity." *Id.* at 8.

In our original opinion, we concluded that Dr. Klein had made no effort to establish the elements of official immunity. *Klein,* 260 S.W.3d at 10, n. 18.[9] Our conclusion was based on the fact that, in the trial court, Klein and Baylor did not refer to official immunity in the original summary judgment motion and Klein's and Baylor's primary argument in all of their motions was that chapter 312 afforded them immunity from suit and liability. Although

---

8. One of the reasons that the primary dispute has been largely resolved by the supreme court's opinion is that Hernandez has not attempted to invoke the waivers of sovereign immunity set forth in the Texas Tort Claims Act, i.e., she has not alleged or argued, among other things, that N.H. sustained personal injury arising "from the operation or use of a motor-driven vehicle or motor-driven equipment" or that N.H.'s personal injuries were "caused by a condition or use of tangible personal or real property." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 2005); *see also Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex.2001) (explaining that "[t]he Tort Claims Act provides a limited waiver of sovereign immunity, allowing suits to be brought against governmental units only in certain, narrowly defined circumstances"). Another reason that the dispute has been largely resolved is that Dr. Klein has made no effort to establish the actual elements of official immunity, so there is virtually no substantive argument remaining to be considered. The final reason that the dispute has been largely resolved is that Klein has also conceded that "the immunity conferred by section 101.106 of the Texas Civil Practice and Remedies Code" is not at issue in this case because the acts and omissions alleged by Hernandez occurred prior to that section's effective date. *See* TEX CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 2005).

9. In his appellant's brief filed with this Court, Dr. Klein, did not use the term "official immunity," but instead focused his arguments on the immunity from suit and liability afforded under chapter 312, and he consistently referred to sovereign immunity and the waivers of sovereign immunity found in the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 2005). In her appellee's brief, Hernandez highlighted Klein's failure to argue official immunity on appeal, and, in his reply brief, Klein did not respond to Hernandez's assertion.

Klein, in a supplemental motion, referred to "official immunity" covering "all claims and theories" and "official immunity afforded by the statutes," he, in his fourth supplemental motion for summary judgment and motion to dismiss for lack of jurisdiction, suggested that the precise terminology was unimportant, stating,[10] "Whether the immunity imparted by said statutes is described as 'official immunity,' 'sovereign immunity,' or 'immunity' *is of no consequence* as the legal grounds for immunity sought are the same in both Defendants' motions." (Emphasis added.) In this remand, the Texas Supreme Court has directed us to address the merits of Klein's immunity defense.

 A suit against a governmental employee in his individual capacity "seeks to impose personal liability on the employee for actions taken under color of state law." *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 400 (Tex. App.-Fort Worth 2008, no pet.). "[A]n official sued in his individual capacity would assert official immunity as a defense to personal monetary liability, which is well suited for resolution in a motion for summary judgment." *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 843 (Tex. 2007). Generally, official immunity protects public officials from suit arising from performance of their (1) discretionary duties (2) in good faith (3) within the scope of their authority. *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 422 (Tex.2004). In the context of government-employed medical personnel, the Texas Su-

preme Court has explained that "official immunity protects government-employed medical personnel against claims that arise out of their exercise of governmental, as opposed to medical, discretion." *Id.* (citing *Kassen v. Hatley*, 887 S.W.2d 4, 11 (Tex. 1994)); *see also Williams v. Nealon*, 199 S.W.3d 462, 466 n. 3 (Tex.App.-Houston [1st Dist.] 2006, pet. filed) (stating that "state-employed doctor or nurse may have official immunity from claims arising out of the exercise of governmental discretion, but is not immune from common-law tort liability arising from the exercise of medical discretion").

 In determining whether government-employed medical personnel exercised medical or governmental discretion, "[c]ourts should look at the character of the discretion exercised in each instance." *Kassen*, 887 S.W.2d at 11. For example, often times, "government doctors and nurses must decide how to allocate a scarce pool of state resources among possible recipients." *Id.* at 10. The "good faith performance" of these types of "governmental responsibilities should not be subject to second-guessing in the courtroom," and the performance of such responsibilities would support a defense of official immunity. *Id.* In contrast, in the course of the medical treatment of a patient, if a government "doctor or nurse does not perform a medical procedure with the level of care and skill of an ordinarily prudent health-care provider, a patient injured as a result should not suffer without compensation for the sole reason that the doctor or nurse is a government employee."[11] *Id.;*

---

10. We recognize that, in the trial court, Hernandez addressed the affirmative defense of official immunity in her summary judgment responses.

11. The *Kassen* court "anticipate[d] difficult cases in which government-employed medical personnel" would "have duties and responsibilities that coincide[d] with private-sector providers." *Kassen v. Hatley*, 887 S.W.2d 4,

12 (Tex.1994). The court stated that, in those cases, "if governmental factors and concerns colored the doctor's or nurse's discretion, policy considerations may still call for official immunity," but further recognized that "[s]uch decisions necessarily involve a balancing of individual rights and the public interest." *Id.* The court "decline[d] to attempt precisely to define when a government employee's acts involve 'governmental' discre-

see also *Mussemann v. Villarreal,* 178 S.W.3d 319, 324–25 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). Thus, the traditional discretion exercised by a doctor in the course of the medical treatment of his patients generally would not support a defense of official immunity.

■ In his summary judgment motion, Dr. Klein did not argue that Hernandez's health care liability claims against him arise out of his exercise of governmental rather than medical discretion.[12] *See Kassen,* 887 S.W.2d at 11. Rather, Hernandez's pleadings, the summary judgment motions and responses, and the limited evidence contained in the record reflect that Hernandez's allegations against Klein arise from his alleged negligence in his medical treatment provided to her and N.H. *See id.* Based upon the record before us, we conclude that Hernandez's claims arise out of Klein's medical discretion, not governmental discretion. *See id.* Thus, Klein has not established as a matter of law his affirmative defense of official immunity to the claims asserted by Hernandez against him in his individual capacity. Accordingly, we hold that the trial court did not err in denying Klein's summary judgment motion, to the extent that he raised the affirmative defense of official immunity to claims brought against him in his individual capacity.

We overrule Klein's official immunity issue.

---

tion," but identified seven factors that courts should consider. *Id.* at 12, n. 8. Again, Dr. Klein did not argue any of these factors or explain how he exercised governmental rather than medical discretion.

**12.** In briefing filed with this Court, Klein argued that a case that addressed the affirmative defense of official immunity was "not applicable" because "[t]he question of the doctor's medical discretion versus the doctor's exercise of governmental discretion is

## Conclusion

We affirm the order of the trial court denying Dr. Klein's summary judgment motion.[13]

---

not reached in this case." *See Mussemann v. Villarreal,* 178 S.W.3d 319 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). As explained herein, the distinction between medical discretion and governmental discretion is critical to an official immunity affirmative defense involving a government doctor.

**13.** We again highlight that, as conceded by the parties, section 101.106 of the Texas Civil Practice and Remedies Code does not apply to this appeal.