Opinion issued February 3, 2011



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-10-00806-CV

———————————

Catherine m. flaitz, Appellant

V.

CORNELIUS C. SULLIVAN JR., Appellee



 



 

On Interlocutory Appeal from the 80th District Court

Harris County, Texas



Trial Court Case No. 2007-11197

 



 

MEMORANDUM OPINION

Appellant,
Catherine M. Flaitz, brings this interlocutory appeal from the trial court’s
denial of her motion for summary judgment based on her affirmative defense of
official immunity.  Flaitz asserted this
defense in response to a claim for defamation asserted against her by appellee,
Cornelius Sullivan Jr.  In her first and
second issues, Flaitz contends that she satisfied her burden in summary
judgment and that Sullivan failed to produce evidence raising a factual issue
as to the good faith requirement for official immunity.  We conclude that the trial court erred in
denying summary judgment because the evidence undisputedly shows that Flaitz
was relying on the evaluations provided to her by an intermediate supervisor
whom she had no reason to doubt.  We do
not reach Flaitz’s remaining issues.[1]  We reverse and render summary judgment in
favor of Flaitz.

Background

          In
September 2004, Sullivan’s employment was terminated after nearly 15 years as
an non-tenured, associate professor at the University of Texas Health Science
Center at Houston—Dental Branch.  In the
years before his termination, Sullivan worked in the Department of Restorative
Dentistry and Biomaterials.  Each year,
the department chair conducted a faculty evaluation.  The chair gave each faculty member a score on
a scale of 1 to 5:  1 designated
“unacceptable”; 2 designated “below standard”; 3 designated “standard”; 4
designated “above standard”; and 5 designated “exemplary.”  Sullivan received the following evaluation scores:




 
 
 Academic Year
 
 
 Evaluation Score
 
 
 Dep’t Chair
 
 
 
 
 2001 – 2002
 
 
 3.34
 
 
 Triolo
 
 
 
 
 2000 – 2001
 
 
 3.34
 
 
 Triolo
 
 
 
 
 1999 – 2000
 
 
 3.50
 
 
 Triolo
 
 
 
 
 1998 – 1999
 
 
 4.10
 
 
 Triolo
 
 
 
 
 1997 – 1998
 
 
 4.00
 
 
 Triolo
 
 
 
 
 1996 – 1997
 
 
 4.85
 
 
 Fulton
 
 
 
 
 1995 – 1996
 
 
 5.00
 
 
 Fulton
 
 
 
 
 1994 – 1995
 
 
 4.50
 
 
 Kaminski
 
 




 

Although the record does not
reflect Sullivan’s evaluation score for the academic year 2002 through 2003, it
contains students’ evaluations of Sullivan from fall 2002.[2]  Like the chair’s faculty evaluations,
students were asked to evaluate Sullivan on a scale of 1 to 5:  1 designated “inadequate”; 2 designated
“marginal”; 3 designated “adequate”; 4 designated “proficient”; and 5
designated “outstanding.”  When asked
their overall impression of Sullivan as a health care educator, 40 percent of
responding students reported “Outstanding,” 40 percent reported “Proficient,”
and the remaining 20 percent reported “Adequate.”  Sullivan’s average student evaluation score
was thus 4.2.  The students were also
asked to record any comments they had regarding Sullivan.  One student, complaining about Sullivan’s
absenteeism, wrote, “Patient care should never be compromised regardless of
scheduling problems one might have personally.” 
Another requested of Sullivan, “Please don’t embarrass student [sic] in
front of their patient.”  While another
student felt that “Sullivan show[ed] great care for the students and patients
alike,” he or she expressed concern regarding the fact that Sullivan was very
opinionated about his opposition to the use of composite resin fillings, which
Sullivan referred to as “plastic.” 
Nevertheless, this student concluded, “Other than his slight disrespect
of this future of dentistry [i.e., composite resin fillings,] he is a very
proficient [instructor.]”  During summer
2003, Flaitz informed Sullivan that his employment would be reduced to
part-time for the academic year 2003 to 2004.

          In
addition to the yearly departmental faculty evaluations, every six years, the
Faculty Appointment, Promotion and Tenure Committee (“the Committee”) conducted
a faculty performance review.  The
Committee gave each faculty member a performance designation:  satisfactory, less than satisfactory, or
deferred with comment.  In 2003, the
Committee reviewed Sullivan.  As part of
that process, the chair of Sullivan’s department, Peter Triolo, mailed a letter
to the Committee, expressing “serious concern” about Sullivan’s performance and
explaining that Sullivan’s annual evaluations scores, although never falling
below “standard,” placed him at the bottom his department.  Triolo also noted that student evaluations
and his own personal observations indicated Sullivan’s inconsistent attendance.

          Despite
Triolo’s concern, in October, Flaitz sent Sullivan a congratulatory letter informing
him that that the Committee had given him a “satisfactory” review, the highest
possible designation.  Nevertheless, the
next July, Flaitz mailed a letter to University President James Willerson,
informing him that the Dental Branch did not intend to renew Sullivan’s faculty
appointment.  Although Willerson informed
Sullivan in July that his employment would be terminated, in mid-August, the Board
of Regents approved a budget for following year that listed Sullivan as a
salaried associate professor.  The same
day that the board approved the budget, Sullivan met with Triolo, who informed
him that his termination was due to budget problems.  Sullivan then met with Flaitz, who informed
him his termination was due to his inadequate performance.  On his last day of employment, Triolo mailed
a letter to Flaitz explaining that Sullivan’s “faculty evaluation over the past
few years ha[d] been in bottom 10% of the faculty ratings.”  On September 1, 2004, Sullivan’s employment
was terminated.  After his termination,
the budget was amended, distributing the sum formerly allocated for Sullivan’s
salary to other members of the faculty.

          In
September, Sullivan mailed to Willerson a letter reciting the inconsistent
explanations that he had received and requesting a full and accurate
explanation.  Willerson forwarded
Sullivan’s letter to Flaitz, who in an October 15, 2004 letter wrote to
Sullivan:

Let
me assure you that “budget problems” and “inadequate performance” are, in fact,
not separate issues but are ultimately tied together.

 

The
[Legislature’s] mandate to reduce budgets required that department heads review
all costs.  As personnel are the greatest
expense, most reductions occurred in this area. 
It is my understanding that Dr. Triolo conducted a review of all faculty
and staff in his department.  After
careful consideration, he was forced to make some difficult decisions.  Since your average evaluation score over the
past six years was one of the lowest in the department, he decided to release
you in order to meet the departmental budget.

 

          Sullivan
filed suit against Triolo and Flaitz, asserting claims for defamation.[3]  Both Triolo and Flaitz sought a motion for
summary judgment based on their affirmative defenses of official immunity,
which the trial court denied.  Flaitz,
but not Triolo, has appealed the trial court’s denial of summary judgment.

Summary Judgment

          In
her first and second issues, Flaitz contends that the trial court erred by
denying her motion for summary judgment based on her affirmative defense of
official immunity.

          A.      Standard of Review

An
appellate court reviews de novo a trial court’s ruling on a summary-judgment
motion.  Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289
S.W.3d 844, 848 (Tex. 2009).  To succeed
on a summary judgment motion under Texas Rule of Civil Procedure 166a(c), a
movant must establish that there is no genuine issue of material fact so that
the movant is entitled to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Randall’s Food
Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995).  To conclusively establish a matter, the movant
must show that reasonable minds could not differ as to the conclusion to be
drawn from the evidence.  Henry v. Masson, No. 01-07-00522-CV,
2010 WL 5395640, at *16 (Tex. App.—Houston [1st Dist.] Dec. 30, 2010, no pet.)
(citing City of Keller v. Wilson, 168
S.W.3d 802, 814 (Tex. 2005)).  The
evidence is reviewed in the light most favorable to the non-movant, crediting
favorable evidence if reasonable jurors could and disregarding contrary
evidence unless reasonable jurors could not. 
Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009) (citing City of Keller, 168 S.W.3d 802, 827
(Tex. 2005)).  

Initially,
the burden of proof is on the movant.  Henry, 2010 WL 5395640, at *16 (citing Sw. Elec. Power Co. v. Grant, 73 S.W.3d
211, 215 (Tex. 2002)).  However, if the
movant establishes a right to summary judgment, the burden shifts to the
non-movant to raise a genuine issue of material fact in order to defeat summary
judgment.  Id. (citing Centeq Realty,
Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995)).

          B.      Applicable Law

          Generally,
official immunity protects public officials from personal liability for their
performance of (1) discretionary duties (2) in good faith (3) within the scope
of their authority.  Klein v. Hernandez, No. 01-06-00569-CV, 2010 WL 4400453, at *4
(Tex. App.—Houston [1st Dist.] Nov. 4, 2010, no pet.) (citing Ballantyne v. Champion Builders, Inc.,
144 S.W.3d 417, 422 (Tex. 2004)).  A public
official acted in good faith only if a reasonably prudent official under the
same or similar circumstances could have believed based on the information he
possessed when the conduct occurred that his conduct was justified.  Ballantyne,
144 S.W.3d at 426.

          To
establish a defamation claim, a private-individual plaintiff must demonstrate
that (1) the defendant published a factual statement (2) that was capable of
defamatory meaning (3) concerning the plaintiff (4) while acting with
negligence.  Vice v. Kasprzak, 318 S.W.3d 1, 12 (Tex. App.—Houston [1st Dist.]
2009, pet. denied).  A statement is
defamatory if the words tend to injure a person’s reputation, exposing the
person to public hatred, contempt, ridicule, or financial injury.  Henriquez
v. Cemex Mgmt., Inc., 177 S.W.3d 241, 252 (Tex. App.—Houston [1st Dist.]
2005, pet. denied).  The truth of a
statement is an absolute defense to a claim for defamation.  Klentzman
v. Brady, 312 S.W.3d 886, 898 (Tex. App.—Houston [1st Dist.] 2009, no
pet.).

          C.      Analysis

          On
appeal, it is undisputed that Flaitz was performing discretionary duties within
the scope of her authority as dean in writing the October 15, 2004 letter.  Thus, the only issue is whether Flaitz
conclusively established the element of good faith.  See
Klein, 2010 WL 4400453, at *4 (citing
Ballantyne, 144 S.W.3d at 422).  In her first two issues, Flaitz asserts that
she conclusively proved the good faith requirement for official immunity and
that Sullivan did not produce evidence showing that no reasonable person in her
position could have written the October 15, 2004 letter critical of his job
performance.  Sullivan’s defamation claim
against Flaitz concerns only two comments in her October 15, 2004 letter:  first, the reference to Sullivan’s “‘inadequate
performance’”; and second, the phrase “your average evaluation score over the
past six years was one of the lowest in the department . . . .”  Thus, the specific question at issue is
whether Flaitz conclusively established that a reasonably prudent official
under the same or similar circumstances could have believed, based on the
information she possessed as of October 15, 2004, that these comments were true.  See
Ballantyne, 144 S.W.3d at 426; Klentzman, 312 S.W.3d at 898; Vice, 318 S.W.3d at 12.

Ordinarily,
it is reasonable for a university dean to rely upon the evaluations provided to
her by intermediate supervisors.  See McCartney v. May, 50 S.W.3d 599, 610
(Tex. App.—Amarillo 2001, no pet.) (holding medical school administrator
conclusively showed good faith requirement for official immunity defense to
former employee’s defamation claim where administrator relied on opinions
provided by other faculty members despite fact that former employee continued
to receive favorable reviews).  It is
undisputed that Flaitz, as dean, was relying on the opinions and information
provided to her by Triolo, Sullivan’s department chair and immediate
supervisor.  Reliance on evaluations by
intermediate supervisors may be unreasonable where, for example, the university
dean possesses information calling into question the intermediate supervisor’s
credibility or the evaluations he provides. 
See Ballantyne, 144 S.W.3d at 426. 
A public official, however, can conclusively establish good faith
despite possessing inconsistent information at the time so long as the
inconsistency is not so great as to render the official’s belief
unreasonable.  See McCartney, 50 S.W.3d
at 610.  Sullivan contends that Triolo’s
characterization of his evaluations scores as being among the lowest in his
department, which were relied on by Flaitz, was contradicted by the scores
themselves, which were never lower than “standard.”  Although Sullivan asserts that Triolo’s
characterization is false, there is no contradiction between Sullivan’s scores
and Triolo’s characterization.  The
record contains no evidence of the average score of other faculty in the same
department, and, therefore, the standard scores were not inconsistent with being
one of the lowest ranks.

Sullivan
contends that Flaitz should have known that Triolo’s characterization was false
because the Committee gave him a “satisfactory” designation even after they had
received Triolo’s letter.  According to
Sullivan, the Committee must have disbelieved Triolo’s characterization.  However, there is no contradiction between
the Committee’s conclusion that from 1997 through 2003, Sullivan’s performance overall
was “satisfactory” and Triolo’s characterization that Sullivan’s scores were
some of the lowest in his department. 
Indeed, as Triolo explained in his August 31, 2004 letter to Flaitz, it
was only in the last “few” years, not the past six, that Sullivan’s scores were
in the lowest 10 percent of his department. 
Here, because any inconsistency is slight, Flaitz has conclusively
established good faith.  See id. 
Sullivan contends that Flaitz’s bad faith was shown by
inconsistencies regarding the other explanation for his termination: budget
problems.  Sullivan points out that he
was told in July his employment would be terminated; that a budget including
him was approved in August; and that after his termination, the money allocated
for his salary was redistributed to other faculty members.  No evidence shows when the budget including
him was prepared.  More importantly, Sullivan
does not dispute that the Legislature mandated the university to reduce its
budget.  Flaitz’s representations
concerning the budget cuts are consistent with a decision to distribute money
that would have been spent on Sullivan to cover other expenses, including
salary costs.  We also note that an
explanation concerning budget cuts is not a defamatory statement towards
Sullivan.  See Henriquez, 177 S.W.3d at 252.

We conclude
that the evidence conclusively establishes that a reasonably prudent official
under the same or similar circumstances could have believed based on the
information Flaitz possessed as of October 15, 2004, that the challenged
comments were not defamatory.  See Ballantyne,
144 S.W.3d at 426.  Accordingly, we hold
that the trial court err in denying Flaitz’s motion for summary judgment.

          We sustain
Flaitz’s first and second issues and do not reach Flaitz’s remaining issues.

Conclusion

We reverse
and render summary judgment in favor of Flaitz.

 

 

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.











[1]           In her third and fourth issues, Flaitz contends that the allegedly defamatory comments cannot constitute defamation as
a matter of law based on the qualified privilege regarding evaluation of employees.  Flaitz did not assert this
defense in her motion for summary judgment. 
These issues, therefore, are not preserved for appeal.  See Tex. R.
Civ. P. 166a(c)
(“Issues not expressly presented to the trial court by written motion, answer
or other response shall not be considered on appeal as grounds for reversal.”).





[2]           Sullivan
did not receive an evaluation score for fiscal year 2003 through 2004, his last
year of employment.





[3]           Although
not before us on appeal, Sullivan has also asserted claims under 42 U.S.C.
§ 1983 against Triolo, Flaitz, and Willerson for their acts committed under color of state law depriving him of his
right to due process and denying him equal protection.  See
42
U.S.C. § 1983.