**Opinion filed June 11, 2009**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-07-00365-CV

_____

## CHRISTINA GOODSON, INDIVIDUALLY AND ON BEHALF OF ZACHARY GOODSON, A MINOR, Appellant

### V.

## CITY OF ABILENE, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 23988-B**

### O P I N I O N

This is a premises liability claim against a municipality. The trial court granted the City of Abilene's plea to the jurisdiction. We affirm.

#### I. *Background Facts*

Christina Goodson, individually and on behalf of Zachary Goodson, filed suit against the City of Abilene for injuries Zachary sustained when he fell into the basement of the City's library. Christina alleged that Zachary fell because he was able to pass through a railing on the first floor

overlooking the basement. Christina contended that the City was negligent in a number of respects, including failing to make the railing safe for children and failing to warn of the dangerous condition. The library was built in 1959. The stairway and railing were part of the original construction, met the building code in effect at that time, and have not been removed or replaced.

## II. *Issues*

Christina challenges the trial court's dismissal with a single issue, contending that the court erred when it concluded that it did not have jurisdiction over her claim.

## III. *Analysis*

### A. *Standard of Review*.

A party who sues a political subdivision of the state, such as a municipality, must establish that the legislature has consented to the suit. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001(3)(A)-(B), 101.025 (Vernon 2005); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Without this consent, governmental immunity deprives the trial court of subject-matter jurisdiction. 8 S.W.3d at 638. Whether a trial court has subject-matter jurisdiction is a question of law subject to a de novo review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). Consequently, we review a trial court's order denying a jurisdictional plea based on governmental immunity de novo. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

### B. *Governmental Immunity*.

Christina argues that the trial court had jurisdiction because she pleaded viable causes of action under both common law and the Texas Tort Claims Act.[1] The City answers that the trial court lacked jurisdiction because there was no waiver of its immunity from suit. Sovereign immunity refers to the State's immunity from suit and liability. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). This immunity extends to divisions of state government, such as boards, hospitals, and universities. *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976). Political subdivisions, including cities, counties, and school districts, are protected by governmental immunity. *City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995). Sovereign immunity and governmental

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001-.109 (Vernon 2005 & Supp. 2008).

immunity are frequently used interchangeably, but they represent distinct concepts. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).[2]

The Tort Claims Act provides a limited waiver of governmental immunity, but it does not apply to an act or omission that occurred before January 1, 1970. Section 101.061. The City contends that, because the library was built in 1959 and has not been modified since, there is no waiver of liability. Christina argues that the City knew or should have known after 1970 that the railing was unsafe but that it failed to take any measures to make the railing safe or to provide a warning. Therefore, she contends that the City's liability has been waived. Texas Courts have consistently rejected similar arguments for structures built before 1970.[3] Courts have held that in this instance the actionable conduct occurs when the structure is built and that the failure to provide additional safety features or devices after 1970 is not an act or omission within the meaning of the Tort Claims Act. *See, e.g., Maxwell*, 880 S.W.2d at 466. The trial court did not err when it found that the City's immunity was not waived by the Tort Claims Act.

Additionally, Christina contends that the City is liable for its pre-1970 actions under common law. A municipality can be sued for pre-1970 acts or omissions if the claim arises out of the municipality's common-law proprietary functions. *City of Tyler v. Likes*, 962 S.W.2d 489, 500-01 (Tex. 1997). If the claim arises out of the exercise of a governmental function, immunity is not waived. *Dillard v. Austin Ind. Sch. Dist.*, 806 S.W.2d 589, 593 (Tex. App.—Austin 1991, writ denied). The City contends that library maintenance and operation are governmental functions, and it points to Section 101.0215(a)(15). This statute classifies numerous functions as governmental or

---

[2]Sovereign immunity bars a political subdivision's claims against a state agency, unless expressly waived, but governmental immunity does not bar a state agency's claims against a political subdivision. *Compare Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 641-44 (Tex. 2004), *with Tex. Workers' Comp. Comm'n v. City of Eagle Pass/Tex. Mun. League Workers' Comp. Joint Ins. Fund*, 14 S.W.3d 801, 803-04 (Tex. App.—Austin 2000, pet. denied).

[3]*See, e.g., Maxwell v. Tex. Dep't of Transp.*, 880 S.W.2d 461, 465-66 (Tex. App.—Austin 1994, writ denied) (because highway was built in 1950s, TxDOT was immune); *Barron v. Tex. Dep't of Transp.*, 880 S.W.2d 300, 302 (Tex. App.—Waco 1994, writ denied) (because bridge was built in 1920s and upgraded in 1950s, TxDOT was immune); *Chapman v. City of Houston*, 839 S.W.2d 95, 99 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (state university was immune from liability for injuries suffered as a result of the failure to warn of condition on bridge built before 1970); *Shives v. State*, 743 S.W.2d 714, 716 (Tex. App.—El Paso 1987, writ denied) (State was immune from liability for the design of intersection constructed before 1970); *Burnett v. Texas Highway Dept.*, 694 S.W.2d 210, 211-12 (Tex. App.—Eastland 1985, writ ref'd n.r.e.) (State was immune from liability for injuries sustained on portion of highway constructed before 1970).

proprietary, and it lists library operation and maintenance as a governmental function. That classification, however, applies to suits for actions occurring after the Act's effective date. Christina's common-law claim is based upon pre-1970 actions. Section 101.0215(a)(15), therefore, does not apply. *See Likes*, 962 S.W.2d at 502.

There has been limited litigation concerning libraries, but they have twice been described as a proprietary function. *See City of Houston v. Wormley*, 623 S.W.2d 692 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *Bennett v. Brown County Water Imp. Dist. No. 1*, 272 S.W.2d 498, 507 n.11 (Tex. 1954). The City does not cite, and we have been unable to find, any court characterizing the operation of a library as a governmental function. Consequently, we agree with Christina that the operation and maintenance of a library is a proprietary function for purposes of a pre-1970 common-law claim. That, however, does not mean that governmental immunity is waived for all claims involving libraries.

In *Likes*, 962 S.W.2d 489, a homeowner filed suit against the City of Tyler claiming that floodwaters flowing through a municipal culvert system damaged her home. Under common law, the construction and maintenance of a storm sewer was a proprietary function. *City of Round Rock v. Smith*, 687 S.W.2d 300, 303 (Tex. 1985). But the court distinguished the construction and maintenance of a storm sewer from its design because the latter involved the exercise of deliberate judgment and large discretion while the former was ministerial. 962 S.W.2d at 501. Texas courts have repeatedly held that decisions on what safety features or warnings to utilize are discretionary and that immunity is not waived for claims based upon them.[4]

Christina's claim implicates discretionary design decisions. Christina alleged that the railing overlooking the basement was a dangerous condition because children could pass through or under it and that it was an attractive nuisance. She did not allege that the railing was altered after the building's construction or that it became a dangerous condition or attractive nuisance over the passage of time. Therefore, if the railing is a dangerous condition today, it is because it was either

---

[4]*See, e.g., Stanford v. State Dept. of Highways & Pub. Transp.*, 635 S.W.2d 581 (Tex. App.—Dallas 1982, writ ref'd n.r.e.) (whether to add guardrails to an overpass approach is a design question, not a maintenance issue; thus, it is a discretionary function that makes the decision exempt from liability); *Tarrant County Water Control & Improvement Dist. No. 1 v. Crossland*, 781 S.W.2d 427, 432 (Tex. App.—Fort Worth 1989, writ denied), *disapproved of on other grounds by City of Dallas v. Mitchell*, 870 S.W.2d 21, 23 (Tex. 1994) (immunity not waived for claims based upon design decisions, including the decision not to utilize lights, signs, or other safety features, that were made pre-1970); *Maxwell*, 880 S.W.2d at 464 (it is improper for a court to second-guess TxDOT's decision concerning the placement of a culvert and the use of safety features in connection with this culvert).

4

improperly designed or because the City did not utilize appropriate warnings. These are discretionary decisions, and the City has not waived its governmental immunity for them. The trial court did not err when it granted the City's plea to the jurisdiction.

## IV. *Holding*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


June 11, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.