Opinion filed December 16,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00033-CV

                                                    __________

 

                             TEXAS
TECH UNIVERSITY HEALTH

                                       
SCIENCE CENTER, Appellant

 

                                                             V.

 

                        LORETTA
BUFORD, INDIVIDUALLY AND

                   AS HEIR
TO AND ON BEHALF OF THE ESTATE OF

                          
STEFANEE BUFORD, DECEASED, Appellee



 

                                   On
Appeal from the 161st District Court

                                                             Ector
County, Texas

                                                  Trial
Court Cause No. B-125,399

 



 

                                                                  O
P I N I O N

            In
this medical malpractice suit, the trial court denied a plea to the
jurisdiction filed by Texas Tech University Health Science Center.  We reverse
and render a judgment of dismissal.     

For
purposes of the plea to the jurisdiction, the facts do not appear to be
disputed.  Stefanee Buford[1]
entered Medical Center Hospital on April 2, 2006.  Ector County Hospital
District does business as Medical Center Hospital.  While Stefanee was in
Medical Center Hospital, three of Tech’s internal medicine resident physicians
prescribed fentanyl patches for her.  Medical Center Hospital’s pharmacy
supplied the patches, and they were applied by Medical Center Hospital
personnel pursuant to prescriptions given by Tech’s resident physicians. 
Fentanyl is an opioid prescription medication used in pain management.  It is
80 to 100 times stronger than morphine and is absorbed through the skin.  Stefanee
was given a prescription for fentanyl patches when she was discharged from
Medical Center Hospital on April 10, 2006; she never filled the prescription. 
The following day, Stefanee died from fentanyl toxicity.

Loretta
Buford, individually and as “heir to and on behalf of the Estate of Stefanee
Buford, deceased,” sued various parties, including Texas Tech University Health
Science Center.  Tech claimed that it was immune from Loretta’s suit because of
sovereign immunity.  The trial court disagreed and denied Tech’s plea to the
jurisdiction.  Tech then filed this interlocutory appeal.

Sovereign
immunity is properly asserted in a plea to the jurisdiction.  Tex. Dep’t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225-26 (Tex. 2004). 
Because it is a question of law, we review de novo a trial court’s denial of a
plea to the jurisdiction based upon sovereign immunity.  Goodson v. City of
Abilene, 295 S.W.3d 692, 694 (Tex. App.—Eastland 2009, no writ).  A
plaintiff bears the initial burden to plead facts that establish subject-matter
jurisdiction.   Miranda, 133 S.W.3d at 226.  We construe the pleadings
liberally in favor of the plaintiff and look to the pleader’s intent.  Id.
 A court is not confined to the pleadings, however, but may consider evidence,
and it must consider evidence when necessary to decide jurisdictional issues.  Id.
at 227.

The
State is afforded sovereign immunity both as to suit and as to liability unless
the legislature expressly waives it.  State v. Lueck, 290 S.W.3d 876,
880 (Tex. 2009).  A state agency, such as Texas Tech University Health Science
Center, also is afforded that sovereign immunity.   Lowe v. Texas Tech Univ.,
540 S.W.2d 297, 298 (Tex. 1976).  Sovereign immunity from suit deprives a trial
court of subject-matter jurisdiction in lawsuits against the State unless the
State has consented to the suit.  Miranda, 133 S.W.3d at 224.  On the
other hand, sovereign immunity from liability is not jurisdictional but, rather,
is an affirmative defense.  Id.  Although often used interchangeably,
sovereign immunity should not be confused with governmental immunity; they
represent distinct concepts.  Sovereign immunity is a term applied to the State
and to divisions of state government, including boards, hospitals, and
universities.  Goodson, 295 S.W.3d at 694.  Governmental immunity is the
term applied to political subdivisions, such as cities, counties, and school
districts.  Id.

Immunity
from suit, immunity from liability, or both can be waived by statute.  Lueck,
290 S.W.3d at 880.  In the Texas Tort Claims Act,[2]
the legislature has created “a unique statutory scheme in which the two
immunities [from suit and from liability] are co-extensive.”  Miranda,
133 S.W.3d at 224.  “Sovereign immunity to suit is waived and abolished to the
extent of liability created by this chapter.” Tex.
Civ. Prac. & Rem. Code Ann. § 101.025(a) (Vernon 2005).  Insofar as relevant to this case, the Texas
Tort Claims Act provides that “[a] governmental unit in the state is liable for
. . . personal injury and death so caused by a condition or use of tangible
personal or real property if the governmental unit would, were it a private
person, be liable to the claimant according to Texas law.”  Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2)
(Vernon 2005).

We
will, in accordance with the standards we have set forth, examine Loretta’s
pleadings to determine whether sovereign immunity in this case deprived the
trial court of jurisdiction.  The question is:  Did Loretta allege that Stefanee
Buford’s personal injuries and death were caused by the use of tangible
personal property by the Tech physicians?  Use means to “put or bring into
action or service; to employ for or apply to a given purpose.” Tex. Dep’t of
Criminal Justice v. Miller, 51 S.W.3d 583, 588 (Tex. 2001).

In
her third amended petition, Loretta pleaded that Tech, Ector County Hospital
District d/b/a Medical Center Hospital, and Scott Bartels, M.D. were negligent
in some sixteen ways.  Buford’s allegations against the Tech physicians may be
separated into three categories.  Into the first category go the allegations
that the Tech physicians, the hospital, and Dr. Bartels were negligent in (1)
prescribing the patches, (2) not properly monitoring, (3) selecting higher
doses of the patches than should have been prescribed, (4) not properly warning
and instructing Stefanee regarding the patches, (5) giving the drug with other
medication, (6) failing to discontinue or reduce Stefanee’s other medications,
(7) failing to properly supervise other healthcare providers, (8) failing to
document the rationale for prescribing the patches, (9) failing to properly
consider Stefanee’s medical condition in prescribing the patches, (10)
prescribing the patches without adequate knowledge about the drug, (11) failing
to recognize that Stefanee was not a proper candidate for the patches, (12)
discharging Stefanee with multiple patches on her, and (13) failing to act
as a reasonably prudent healthcare provider under the same or similar
circumstances.

            The
second category of allegations contains Buford’s allegations that Tech, the
hospital, and Dr. Bartels were negligent in (1) giving the drug with other
medications and (2) failing to administer or use the patches appropriately.

            Into
the third category go Buford’s claims of negligence in failing to follow
physician or pharmacy orders regarding the administration of the patches. 
These are not allegations against the Tech physicians and do not inform our
review of the trial court’s denial of Tech’s plea to the jurisdiction.

            The
allegations contained in the first category point to various failures to act,
failures to document, and errors in medical judgment.  These claims do not
involve the use of tangible personal or real property.  See Kerrville State
Hosp. v. Clark, 923 S.W.2d 582 (Tex. 1996) (failure to prescribe a certain
type of drug as opposed to another is not “use” of property); Wise Reg’l
Health Sys. v. Brittain, 268 S.W.3d 799, 805 (Tex. App.—Fort Worth 2008, no
pet.) (“failures to act” not sufficient to waive sovereign immunity); Somervell
County Healthcare Auth. v. Sanders, 169 S.W.3d 724 (Tex. App.—Waco 2005, no
pet.) (failure to monitor and failure to diagnose are not claims involving the
condition or use of tangible personal property); Snelling v. Mims, 97
S.W.3d 646 (Tex. App.—Waco 2002, no pet.) (“failure to” allegations do not
implicate the use of tangible personal property).

            The
remaining category of allegations involves the actual administration of the patches. 
The patches were dispensed by the pharmacy operated by Ector County Hospital
District doing business as Medical Center Hospital.  Those persons who actually
applied the patches were employees of Ector County Hospital District doing
business as Medical Center Hospital.  The doctors who prescribed the patches
were Tech’s employees.  The dispensing of a drug has been held to be a use of
tangible personal property.  Wise Reg’l Health Sys., 268 S.W.3d at 807; Adams
v. Rios, No. 14-95-00239-CV, 1996 WL 337108, at *4 (Tex. App.—Houston [14th
Dist.] June 20, 1996, no pet.) (not designated for publication); Quinn v.
Mem’l Med. Ctr., 764 S.W.2d 915, 918 (Tex. App.—Corpus Christi 1989, no writ). 
These cases are distinguishable from this case.  The common thread running
through those cases is that, in each one, the governmental unit being sued was
the entity that employed those who used, by administering or dispensing, the
drugs that were alleged to have caused the damages.  In the case now under
review, Tech did not employ those persons who actually dispensed and
administered the patches; those persons worked for Ector County Hospital
District, and Tech is not responsible for their actions.  See DeWitt v.
Harris County, 904 S.W.2d 650, 654 (Tex. 1995) (“[G]overnmental unit’s
liability under [S]ection 101.021(2) is based on respondeat superior for an
employee’s negligence arising from the misuse of tangible personal property.” 
Liability is imposed on the employer that is responsible for “the acts of his
employee.”); see also Thomas v. Harris County, 30 S.W.3d 51, 53 (Tex.
App.—Houston [1st Dist.] 2000, no pet.) (Harris County could not be held liable
for the negligence of persons not employed by it.).

It
is the governmental unit’s use of property that is the focus.  Loretta cites us
to Texas Tech University Health Science Center v. Mendoza, No.
08-01-00061-CV, 2003 WL 1359549 (Tex. App.—El Paso March 20, 2003, pet. denied)
(mem. op., not designated for publication). The difference in that case and
this one is that the court makes it clear that “[t]he pleadings unambiguously
state the use of the property by Dr. McGuire, a government employee, caused the
injury.”  Id. at *3.  We have no such pleading in this case.

In
Leonard, the medication that resulted in the injury was prescribed by a
physician’s assistant.  The physician’s assistant neither dispensed nor
administered the medication; the patient was the one who actually used or
administered the medication.  The court there said, “[I]t is the governmental
unit’s use of the property that must cause the injury.”  Leonard v. Glenn,
293 S.W.3d 669, 684 (Tex. App.—San Antonio 2009, no pet.).

Furthermore,
the Texas Tort Claims Act provides, in relevant part, that “[a] governmental
unit in the state is liable . . . if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law.”  Section 101.021(2).  With some exceptions not
applicable here, a private person would not be responsible under the doctrine
of respondeat superior for the negligent acts of one who is not his employee
but, rather, is another’s employee.  Thus, in the absence of those exceptions,
neither would Tech be responsible for the negligent acts of one who is not its
employee.

Because
Loretta has not met her burden to plead facts to establish that Tech’s
employees used the tangible personal property in this case, sovereign immunity
has not been waived by the State.  The trial court erred when it denied Tech’s
plea to the jurisdiction.

We
reverse the order of the trial court and render a judgment dismissing the
claims against Texas Tech University Health Science Center.

 

 

                                                                        JIM
R. WRIGHT

                                                                        CHIEF
JUSTICE

 

December 16,
2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.




 

Opinion filed December 16,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00033-CV

                                                    __________

 

                             TEXAS
TECH UNIVERSITY HEALTH

                                           
SCIENCE CENTER, Appellant

 

                                                             V.

 

                        LORETTA
BUFORD, INDIVIDUALLY AND

                    AS
HEIR TO AND ON BEHALF OF THE ESTATE OF

                           
STEFANEE BUFORD, DECEASED, Appellee



 

                                   On
Appeal from the 161st District Court

 

                                                             Ector
County, Texas

 

                                                  Trial
Court Cause No. B-125,399

 



 

C
O N C U R R I N G   O P I N I O N

            Because
I believe that the majority opinion correctly sets forth and applies the
statutory and case law as it now stands, I concur in the judgment of the
court.  However, under the facts of this case, I feel compelled to write
separately.  I want to again point out the continuing need for the legislature
to address the language in the Texas Tort Claims Act in an effort to reduce the
confusing and seemingly inconsistent, subtle nuances in these cases.  Although
a court should not attempt to legislate from the bench, I can and do ask that
those who are in that position revisit and clarify the language in the Texas
Tort Claims Act.

 

 

                                                                                    TERRY
McCALL

                                                                                    JUSTICE

 

December 16,
2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.

 









[1]We note that Stefanee Buford’s first name is spelled
different ways in the record, and we have chosen to spell it “Stefanee.”





[2]Tex. Civ. Prac. & Rem.
Code Ann. ch. 101 (Vernon 2005 & Supp.
2010).