

## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00033-CV

_____

### TEXAS TECH UNIVERSITY HEALTH
### SCIENCE CENTER, Appellant

### V.

### LORETTA BUFORD, INDIVIDUALLY AND
### AS HEIR TO AND ON BEHALF OF THE ESTATE OF
### STEFANEE BUFORD, DECEASED, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-125,399**

## O P I N I O N

In this medical malpractice suit, the trial court denied a plea to the jurisdiction filed by Texas Tech University Health Science Center. We reverse and render a judgment of dismissal.

For purposes of the plea to the jurisdiction, the facts do not appear to be disputed. Stefanee Buford[1] entered Medical Center Hospital on April 2, 2006. Ector County Hospital District does business as Medical Center Hospital. While Stefanee was in Medical Center

---

[1]We note that Stefanee Buford's first name is spelled different ways in the record, and we have chosen to spell it "Stefanee."

Hospital, three of Tech's internal medicine resident physicians prescribed fentanyl patches for her. Medical Center Hospital's pharmacy supplied the patches, and they were applied by Medical Center Hospital personnel pursuant to prescriptions given by Tech's resident physicians. Fentanyl is an opioid prescription medication used in pain management. It is 80 to 100 times stronger than morphine and is absorbed through the skin. Stefanee was given a prescription for fentanyl patches when she was discharged from Medical Center Hospital on April 10, 2006; she never filled the prescription. The following day, Stefanee died from fentanyl toxicity.

Loretta Buford, individually and as "heir to and on behalf of the Estate of Stefanee Buford, deceased," sued various parties, including Texas Tech University Health Science Center. Tech claimed that it was immune from Loretta's suit because of sovereign immunity. The trial court disagreed and denied Tech's plea to the jurisdiction. Tech then filed this interlocutory appeal.

Sovereign immunity is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). Because it is a question of law, we review de novo a trial court's denial of a plea to the jurisdiction based upon sovereign immunity. *Goodson v. City of Abilene*, 295 S.W.3d 692, 694 (Tex. App.—Eastland 2009, no writ). A plaintiff bears the initial burden to plead facts that establish subject-matter jurisdiction. *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* A court is not confined to the pleadings, however, but may consider evidence, and it must consider evidence when necessary to decide jurisdictional issues. *Id.* at 227.

The State is afforded sovereign immunity both as to suit and as to liability unless the legislature expressly waives it. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). A state agency, such as Texas Tech University Health Science Center, also is afforded that sovereign immunity. *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976). Sovereign immunity from suit deprives a trial court of subject-matter jurisdiction in lawsuits against the State unless the State has consented to the suit. *Miranda*, 133 S.W.3d at 224. On the other hand, sovereign immunity from liability is not jurisdictional but, rather, is an affirmative defense. *Id.* Although often used interchangeably, sovereign immunity should not be confused with governmental immunity; they represent distinct concepts. Sovereign immunity is a term applied to the State

2

and to divisions of state government, including boards, hospitals, and universities. *Goodson*, 295 S.W.3d at 694. Governmental immunity is the term applied to political subdivisions, such as cities, counties, and school districts. *Id.*

Immunity from suit, immunity from liability, or both can be waived by statute. *Lueck*, 290 S.W.3d at 880. In the Texas Tort Claims Act,[2] the legislature has created "a unique statutory scheme in which the two immunities [from suit and from liability] are co-extensive." *Miranda*, 133 S.W.3d at 224. "Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter." TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a) (Vernon 2005). Insofar as relevant to this case, the Texas Tort Claims Act provides that "[a] governmental unit in the state is liable for . . . personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (Vernon 2005).

We will, in accordance with the standards we have set forth, examine Loretta's pleadings to determine whether sovereign immunity in this case deprived the trial court of jurisdiction. The question is: Did Loretta allege that Stefanee Buford's personal injuries and death were caused by the use of tangible personal property by the Tech physicians? Use means to "put or bring into action or service; to employ for or apply to a given purpose." *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001).

In her third amended petition, Loretta pleaded that Tech, Ector County Hospital District d/b/a Medical Center Hospital, and Scott Bartels, M.D. were negligent in some sixteen ways. Buford's allegations against the Tech physicians may be separated into three categories. Into the first category go the allegations that the Tech physicians, the hospital, and Dr. Bartels were negligent in (1) prescribing the patches, (2) not properly monitoring, (3) selecting higher doses of the patches than should have been prescribed, (4) not properly warning and instructing Stefanee regarding the patches, (5) giving the drug with other medication, (6) failing to discontinue or reduce Stefanee's other medications, (7) failing to properly supervise other healthcare providers, (8) failing to document the rationale for prescribing the patches, (9) failing to properly consider Stefanee's medical condition in prescribing the patches, (10) prescribing the patches without

---

[2]TEX. CIV. PRAC. & REM. CODE ANN. ch. 101 (Vernon 2005 & Supp. 2010).

adequate knowledge about the drug, (11) failing to recognize that Stefanee was not a proper candidate for the patches, (12) discharging Stefanee with multiple patches on her, and (13) failing to act as a reasonably prudent healthcare provider under the same or similar circumstances.

The second category of allegations contains Buford's allegations that Tech, the hospital, and Dr. Bartels were negligent in (1) giving the drug with other medications and (2) failing to administer or use the patches appropriately.

Into the third category go Buford's claims of negligence in failing to follow physician or pharmacy orders regarding the administration of the patches. These are not allegations against the Tech physicians and do not inform our review of the trial court's denial of Tech's plea to the jurisdiction.

The allegations contained in the first category point to various failures to act, failures to document, and errors in medical judgment. These claims do not involve the use of tangible personal or real property. *See Kerrville State Hosp. v. Clark*, 923 S.W.2d 582 (Tex. 1996) (failure to prescribe a certain type of drug as opposed to another is not "use" of property); *Wise Reg'l Health Sys. v. Brittain*, 268 S.W.3d 799, 805 (Tex. App.—Fort Worth 2008, no pet.) ("failures to act" not sufficient to waive sovereign immunity); *Somervell County Healthcare Auth. v. Sanders*, 169 S.W.3d 724 (Tex. App.—Waco 2005, no pet.) (failure to monitor and failure to diagnose are not claims involving the condition or use of tangible personal property); *Snelling v. Mims*, 97 S.W.3d 646 (Tex. App.—Waco 2002, no pet.) ("failure to" allegations do not implicate the use of tangible personal property).

The remaining category of allegations involves the actual administration of the patches. The patches were dispensed by the pharmacy operated by Ector County Hospital District doing business as Medical Center Hospital. Those persons who actually applied the patches were employees of Ector County Hospital District doing business as Medical Center Hospital. The doctors who prescribed the patches were Tech's employees. The dispensing of a drug has been held to be a use of tangible personal property. *Wise Reg'l Health Sys.*, 268 S.W.3d at 807; *Adams v. Rios*, No. 14-95-00239-CV, 1996 WL 337108, at *4 (Tex. App.—Houston [14th Dist.] June 20, 1996, no pet.) (not designated for publication); *Quinn v. Mem'l Med. Ctr.*, 764 S.W.2d 915, 918 (Tex. App.—Corpus Christi 1989, no writ). These cases are distinguishable from this

4

case. The common thread running through those cases is that, in each one, the governmental unit being sued was the entity that employed those who used, by administering or dispensing, the drugs that were alleged to have caused the damages. In the case now under review, Tech did not employ those persons who actually dispensed and administered the patches; those persons worked for Ector County Hospital District, and Tech is not responsible for their actions. *See DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex. 1995) ("[G]overnmental unit's liability under [S]ection 101.021(2) is based on respondeat superior for an employee's negligence arising from the misuse of tangible personal property." Liability is imposed on the employer that is responsible for "the acts of his employee."); *see also Thomas v. Harris County*, 30 S.W.3d 51, 53 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (Harris County could not be held liable for the negligence of persons not employed by it.).

It is the governmental unit's use of property that is the focus. Loretta cites us to *Texas Tech University Health Science Center v. Mendoza*, No. 08-01-00061-CV, 2003 WL 1359549 (Tex. App.—El Paso March 20, 2003, pet. denied) (mem. op., not designated for publication). The difference in that case and this one is that the court makes it clear that "[t]he pleadings unambiguously state the use of the property by Dr. McGuire, a government employee, caused the injury." *Id.* at *3. We have no such pleading in this case.

In *Leonard*, the medication that resulted in the injury was prescribed by a physician's assistant. The physician's assistant neither dispensed nor administered the medication; the patient was the one who actually used or administered the medication. The court there said, "[I]t is the governmental unit's use of the property that must cause the injury." *Leonard v. Glenn*, 293 S.W.3d 669, 684 (Tex. App.—San Antonio 2009, no pet.).

Furthermore, the Texas Tort Claims Act provides, in relevant part, that "[a] governmental unit in the state is liable . . . if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Section 101.021(2). With some exceptions not applicable here, a private person would not be responsible under the doctrine of respondeat superior for the negligent acts of one who is not his employee but, rather, is another's employee. Thus, in the absence of those exceptions, neither would Tech be responsible for the negligent acts of one who is not its employee.

5

Because Loretta has not met her burden to plead facts to establish that Tech's employees used the tangible personal property in this case, sovereign immunity has not been waived by the State. The trial court erred when it denied Tech's plea to the jurisdiction.

We reverse the order of the trial court and render a judgment dismissing the claims against Texas Tech University Health Science Center.


JIM R. WRIGHT
CHIEF JUSTICE


December 16, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

**Opinion filed December 16, 2010**



## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00033-CV
_____

### TEXAS TECH UNIVERSITY HEALTH
### SCIENCE CENTER, Appellant

### V.

### LORETTA BUFORD, INDIVIDUALLY AND
### AS HEIR TO AND ON BEHALF OF THE ESTATE OF
### STEFANEE BUFORD, DECEASED, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-125,399**

### CONCURRING OPINION

Because I believe that the majority opinion correctly sets forth and applies the statutory and case law as it now stands, I concur in the judgment of the court. However, under the facts of this case, I feel compelled to write separately. I want to again point out the continuing need for the legislature to address the language in the Texas Tort Claims Act in an effort to reduce the

confusing and seemingly inconsistent, subtle nuances in these cases. Although a court should not attempt to legislate from the bench, I can and do ask that those who are in that position revisit and clarify the language in the Texas Tort Claims Act.

TERRY McCALL

JUSTICE

December 16, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.