**Opinion issued August 29, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00353-CV

————————————

### BARI RUGGERI AND ROBERT RUGGERI, Appellants

### V.

### BAYLOR COLLEGE OF MEDICINE, Appellee

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-26612**

---

## MEMORANDUM OPINION

Bari and Robert Ruggeri challenge the trial court's order granting Baylor College of Medicine's plea to the jurisdiction on their healthcare liability claim. The Ruggeris contend that the trial court erred in granting Baylor's plea because

(1) the Texas Tort Claims Act[1] does not apply to their claims of medical negligence; (2) even if the Act applies, they have alleged a claim for which the Act waives Baylor's immunity; and (3) they were not required to provide notice of their claims to Baylor under the Act or, alternatively, Baylor received written notice within a reasonable time.  We affirm.

## Background

On April 8, 2010, the Ruggeris' twenty-seven year old daughter, Jennifer, died from liver failure at Ben Taub General Hospital's emergency room.  On May 7, 2012, the Ruggeris sued Baylor for medical negligence alleging that Jennifer had a history of abusing drugs and prescription medication, and that her liver failure was due to an overdose of medication that the Baylor physicians working at Ben Taub had prescribed to her.  As a governmental unit under Chapter 312, Baylor has sovereign immunity for patient care and the provision or performance of services or research at public hospitals, including Ben Taub.  *See* TEX. HEALTH & SAFETY CODE ANN. § 312.006 (West 2011); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).

On January 25, 2013, Baylor filed its Plea to the Jurisdiction which the trial court granted on March 27, 2013.  The Ruggeris timely filed this appeal.

---

[1]    *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109 (West 2012).

## Discussion

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Sykes*, 136 S.W.3d at 638. Generally, sovereign immunity[2] deprives a trial court of subject matter jurisdiction over a lawsuit in which a party has sued the State or a state agency, unless the Legislature has consented to suit. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011).[3] Whether a court has subject matter jurisdiction is a question of law subject to de novo review. *Id.*

---

[2] Sovereign immunity is comprised of both immunity from liability and liability from suit. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 93 (Tex. 2012). The former protects governmental entities from judgments while the latter completely bars actions against those entities unless the Legislature expressly consents to suit. *Id.*; *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006) ("[I]mmunity from suit . . . bars suit against [a governmental] entity altogether."); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003) ("Unlike immunity from suit, immunity from liability does not affect a court's jurisdiction to hear a case and cannot be raised in a plea to the jurisdiction."). Here, we address immunity from suit; therefore, references to immunity will refer only to immunity from suit unless otherwise indicated.

[3] "Sovereign immunity" and "governmental immunity" are sometimes treated as interchangeable terms. *See Reata Constr. Corp.*, 197 S.W.3d at 374 n.1. Sovereign immunity is available to the state and its agencies, and governmental immunity is available to political subdivisions. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).

3

**B. Analysis**

In issues one through four, the Ruggeris contend that the trial court erred in granting Baylor's plea to the jurisdiction because the Texas Tort Claims Act does not apply to their claims. Specifically, they argue that although the Act provides official immunity for acts of governmental discretion, it does apply to the cases of negligent exercise of medical discretion, as alleged here. Baylor responds that the distinction between governmental discretion and medical discretion has not been the law of official immunity since 2003. They further assert that the Ruggeris' argument pertaining to official immunity is misplaced because official immunity is for individuals and the Ruggeris sued only Baylor, which has sovereign immunity.

**1. Applicability of Texas Tort Claims Act**

The Ruggeris acknowledge that, for purposes of this suit, Baylor is a governmental unit of state government under Chapter 312 of the Texas Heath and Safety Code. *See Klein v. Hernandez*, 315 S.W.3d 1, 8 (Tex. 2010) (recognizing that Chapter 312 classifies Baylor as a "governmental unit of state government" and a "state agency" for certain purposes, including its services at Ben Taub). In *Klein*, the Texas Supreme Court concluded that "the Legislature intended through Chapter 312 to treat Baylor like other governmental entities providing services at public hospitals, extending the same protection and benefits to Baylor and its [physicians] who work at these hospitals." *Id.* One such protection to which

4

governmental entities are entitled is immunity from suit unless such immunity is waived under the Texas Tort Claims Act.

Under section 312.006 of the Health and Safety Code, Baylor "is not liable for its acts and omissions" in connection with "patient care and the provision or performance of health or dental services" at public hospitals like Ben Taub:

> except to the extent and up to the maximum amount of liability of state government under Section 101.023(a), Civil Practice and Remedies Code, for the acts and omissions of a governmental unit of state government under Chapter 101, Civil Practice and Remedies Code.

TEX. HEALTH & SAFETY CODE ANN. § 312.006(a) (West 2011). Chapter 101 of the Civil Practice and Remedies Code, also known as the Texas Tort Claims Act, provides a limited waiver of immunity for certain suits against governmental entities. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109 (West 2012); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Thus, Baylor is not liable for patient care at Ben Taub except to the extent that a governmental unit of state government would be liable under the Texas Tort Claims Act.

The Ruggeris, however, argue that they need not establish a waiver of immunity under the Texas Tort Claims Act because, at the time their cause of action accrued, "the Tort Claims Act provided official immunity when government-employed [medical professionals] were exercising 'official' or

5

'governmental' decision-making as opposed to physicians and residents exercising strictly 'medical' discretion." In support of their argument, they rely on the Texas Supreme Court's opinion in *Kassen v. Hatley*, 887 S.W.2d 4 (Tex. 1994), and two subsequent appellate court opinions, *Saade v. Villarreal*, 280 S.W.3d 511 (Tex. App.—Houston [14th Dist.] 2009, pet. dism'd) and *Klein v. Hernandez*, 333 S.W.3d 689 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In *Kassen*, the court held that official immunity does not protect a [government-employed] physician sued in his individual capacity from liability for medical decisions and actions. *See* 887 S.W.2d at 11 n.7. Asserting that *Kassan, Saade*, and *Klein* remained the "law of the land" in March and April 2010 when their cause of action accrued, the Ruggeris conclude that the prescription medication provided to Jennifer by the Baylor physicians and residents was care and treatment pursuant to their medial discretion, and not any governmental or official discretion and, therefore, they are not entitled to official immunity under the Texas Tort Claims Act.

The Ruggeris' argument misapprehends the law in two respects. First, the Ruggeris did not sue "government-employed medical professionals"—they sued only Baylor. Official immunity protects individual *employees* of a governmental unit such as Baylor's physicians and residents. *See* TEX. HEALTH & SAFETY CODE. ANN. § 312.007(a) (West 2011). As a governmental unit under Chapter 312, Baylor has sovereign immunity for patient care and the provision or performance

6

of services or research at public hospitals, including Ben Taub. *See* TEX. HEALTH & SAFETY CODE ANN. § 312.006 (West 2011); *Sykes*, 136 S.W.3d at 638. Because the Ruggeris sued only Baylor and not its physicians or residents, their official immunity argument is inapposite.

Second, the Ruggeris' assertion that the *Kassen*, *Saade*, and *Klein* decisions were "the law of the land" with respect to official immunity when their cause of action accrued is a misstatement of the law. In 1988, Congress enacted the Westfall Act which "made whatever remedy the [Federal Tort Claims Act] provided against the United States a claimant's exclusive remedy for a government employee's conduct in the scope of employment." *Franka v. Velasquez*, 332 S.W.3d 367, 385 (Tex. 2011). In 2003, the Texas Legislature amended section 101.106 of the Texas Tort Claims Act to "achiev[e] the same end under Texas law as the Westfall Act does under federal law." *Id*. at 385; *see* TEX. CIV. PRAC. & REM. CODE ANN. §101.106 (West 2012).[4] As the Fourteenth Court of Appeals has

---

[4] Section 101.106(f) provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under [the Texas Tort Claims Act] against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

noted, "by enacting the current version of section 101.106 in 2003, the Legislature abrogated the rule announced in the *Kassen* case, in which the Supreme Court of Texas decided that government-employed personnel do not have official immunity regarding their alleged negligence in the exercise of medical discretion in the treatment of patients." *Univ. of Tex. Health Sci. Ctr. v. Crowder*, 349 S.W.3d 640, 649 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Franka*, 332 S.W.3d at 380–86). Under the 2003 statutory amendments to section 101.106, government-employed medical personnel have official immunity even for actions arising from the exercise of medical discretion. *See Franka*, 332 S.W.3d at 384–85. It thus follows that had the Ruggeris sued Baylor's physicians[5] rather than Baylor itself, the physicians could have asserted the immunity provided in section 101.106(f) and obtained dismissal.

Having determined that the Ruggeris' argument premised on official immunity is unavailing, we overrule their first, second, third, and fourth issues.

---

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2012).

[5] Baylor's physicians and residents are government-employed medical personnel for purposes of the care they provide at Ben Taub. *See* TEX. HEALTH & SAFETY CODE ANN. § 312.007(a) (West 2011).

8

We must now determine whether they have alleged a claim for which the Texas Tort Claims Act waives Baylor's sovereign immunity.[6]

## 2. Waiver of Immunity

In their sixth issue, the Ruggeris contend that in the event the Texas Tort Claims Act applies to their claims, they have pleaded sufficient facts establishing a waiver of Baylor's immunity.

Section 101.021(2) of the Texas Civil Practice and Remedies Code provides that a governmental unit is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2012). Here, the Ruggeris do not complain about a condition of tangible personal property. Rather, they allege that Baylor waived its immunity because, despite Jennifer's medical history of drug abuse, Baylor's physicians and residents "used [Jennifer's] medical records and prescribed the medications which eventually caused her death." They argue that Baylor's physicians and residents "'put into action' by writing and ordering on tangible property (i.e. prescription documents) and 'employed to a given purpose'

---

[6] In light of our conclusion that the Texas Tort Claims Act applies to the Ruggeris' claims, we overrule their fifth issue asserting that Baylor was not entitled to notice as required under the Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a) (requiring notice of claims "not later than six months after the day that the incident giving rise to the claim occurred").

9

that tangible property for the given purpose of providing the means in the use of that tangible property so that Jennifer Ruggeri would obtain the possession of prescription medications that ultimately caused her injuries and death." We disagree.

Immunity is waived "only when the governmental unit itself uses the property." *Rusk Sate Hosp. v. Black*, 392 S.W.3d 88, 97 (Tex. 2012). "A governmental unit does not 'use' property within the meaning of the [Texas Tort Claims Act] when it merely allows someone else to use it." *Id.* Here, it was Jennifer's use of the property—i.e., the medication—that allegedly caused her liver failure, not her medical records or prescriptions.[7] Merely "furnish[ing] the condition that [makes] the injury possible" does not waive immunity. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001); *Dallas. Cnty. v. Posey*, 290 S.W.3d 869, 870–71 (Tex. 2009) (per curiam) (concluding that governmental unit did not use property within section 101.021's waiver of immunity by furnishing telephone cord to allegedly suicidal inmate and with which he hung himself in cell); *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245–47 (Tex. 2004) (finding that hospital did not use property within meaning of section 101.021 by returning to allegedly suicidal mental hospital patient his suspenders and walker with which he hung himself). Rather, it is the use of

---

[7] In fact, the Ruggeris acknowledge that Jennifer "obtained the prescribed medications and used the prescribed medications."

10

tangible property that must have actually caused the injury. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. King*, 329 S.W.3d 876, 882 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (citing *Miller*, 51 S.W.3d at 588); *Terry A. Leonard, P.A. v. Glenn*, 293 S.W.3d 669, 684 (Tex. App.—San Antonio 2009), *rev'd on other grounds*, 332 S.W.3d 403 (Tex. 2011) (per curiam). Moreover, at least three courts of appeals have concluded that writing prescriptions or administering medications are not acts that waive immunity under the Texas Tort Claims Act. *See King*, 329 S.W.3d 882 (concluding hospital did not waive sovereign immunity from suit where hospital's alleged use or misuse of medication merely furnished condition—plaintiff's state of sleep or unconsciousness—that made injury possible); *Tex. Tech. Univ. Health Sci. Ctr. v. Buford*, 334 S.W.3d 334, 336 (Tex. App.—Eastland 2010, no pet.) (holding allegations that government-employed physicians were negligent in prescribing fentanyl patches to plaintiff based on alleged failure to consider plaintiff's medical condition or recognize that patient was not proper candidate for patches did not involve use of tangible property); *Terry A. Leonard, P.A.*, 293 S.W.3d at 672 (concluding that written prescription did not constitute tangible property and, thus, governmental unit's sovereign immunity was not waived).

We conclude that Baylor has not waived its sovereign immunity from suit arising from the Ruggeris' allegations that Baylor's physician and residents wrote

11

prescriptions that furnished Jennifer with the ability to obtain medication from Ben Taub's pharmacy which Jennifer then used, allegedly causing her injury and tragic death. *See Rusk State Hosp.*, 392 S.W.3d at 97 (holding immunity is waived only when governmental unit itself uses property). Because Baylor did not waive its immunity, the trial court properly granted its plea to the jurisdiction on the Ruggeris' claims.[8] We overrule their sixth issue.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

---

[8] Because we conclude that Baylor did not waive its sovereign immunity, we do not reach the Ruggeris' seventh issue regarding whether they provided Baylor with proper notice of their claims. Moreover, we note that the Ruggeris concede that they did not give Baylor notice within six months after Jennifer's death.