Opinion filed December 18, 2020



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00015-CV

_____

## JASON GARMS, Appellant

## V.

## COMANCHE COUNTY, Appellee

**On Appeal from the 220th District Court**
**Comanche County, Texas**
**Trial Court Cause No. 23017**

## MEMORANDUM OPINION

Appellant, Jason Garms, appeals pro se the trial court's order granting Comanche County's (the County) plea to the jurisdiction under the Texas Tort Claims Act (the TTCA). Because the County is entitled to immunity, we affirm the order of the trial court.

### I. *Factual Background*

On January 3, 2017, Appellant was an inmate in the Comanche County Jail. Appellant claimed that, during his confinement, he notified the jailers that he was ill

and needed medical assistance. The jailers checked Appellant's blood pressure, but failed to notify the duty nurse that the readings indicated that Appellant's blood pressure was high. Appellant also claimed that his high blood pressure condition caused him to lose consciousness and sustain a serious head injury. According to Appellant, he was left unattended during his state of unconsciousness, and his head injury ultimately resulted in a permanent loss of memory, brain damage, and other unspecified injuries. Appellant further alleged that his "injury and neglect" were caused by (1) a "faulty motorized camera" located in the Comanche County Jail and (2) the jailers failure to monitor him, provide proper medical care, and comply with applicable County policies.

Appellant originally filed suit in the 220th Judicial District Court of Comanche County. At the time, Appellant's operative pleading purported to assert claims for negligence under the TTCA and constitutional claims under 42 U.S.C. § 1983. Because Appellant's Section 1983 claims created a basis for removal, the County removed this suit to the United States District Court for the Northern District of Texas, Fort Worth Division. Appellant's suit was later remanded to the 220th District Court after Appellant amended his pleadings to abandon the federal constitutional claims.

After remand, the County filed a plea to the jurisdiction in the 220th District Court alleging that Appellant's negligence claims under the TTCA were barred by the doctrine of governmental immunity, thereby depriving the trial court of subject-matter jurisdiction over Appellant's suit. After a hearing, in which all parties participated, the trial court granted the County's plea. This appeal followed.

## II. *Issues on Appeal*

Appellant raises two issues on appeal. First, Appellant contends that he was not afforded adequate time to prepare for the hearing on the County's plea to the jurisdiction because he did not receive proper notice of the hearing date. Second, he

claims that the County's immunity was waived and that the trial court erred in granting the County's plea because his injuries were caused by the County's (1) negligent use of motor-driven equipment, i.e., a faulty motorized camera, and (2) failure to monitor him, provide proper medical care, and comply with its policies.

*A. Notice of Hearing*

In his first issue, Appellant contends that he did not receive proper notice for the hearing on the County's plea to the jurisdiction and, therefore, was not able to sufficiently prepare for the hearing. Appellant raises this issue for the first time on appeal.

To preserve a complaint for appellate review, a party (1) must make a timely request, objection, or motion in the trial court stating the specific grounds for the ruling sought, unless the specific grounds are apparent from the context, and (2) either obtain a ruling from the trial court or object to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a); *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 137 (Tex. 2017) (per curiam). Appellant did neither, even though he participated at the hearing. Therefore, he failed to preserve this complaint for our review.

Nevertheless, even if preserved, Appellant's complaint is without merit. If a party intends to schedule a hearing on a motion for the purpose of obtaining an order from the trial court, the moving party must serve notice of the hearing date on all interested parties at least three days before the hearing commences, unless the rules provide otherwise or the notice period is reduced by the trial court. *See* TEX. R. CIV. P. 21(b); *Zewde v. Abadi*, 529 S.W.3d 189, 194 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Cotten v. Briley*, 517 S.W.3d 177, 185 (Tex. App.—Texarkana 2017, no pet.). Moreover, if the hearing date is rescheduled, Rule 21(b)'s three-day notice requirement no longer applies if all parties to the proceeding had proper notice of the original hearing date. *Magnuson v. Mullen*, 65 S.W.3d 815, 824 (Tex. App.—Fort Worth 2002, pet. denied).

Here, the record does not support Appellant's contention that he did not receive proper notice of this hearing.  Initially, the trial court set the hearing date on the County's plea for December 6, 2018.  As an accommodation to Appellant, on December 5, 2018, the trial court cancelled the original hearing date.  The trial court thereafter reset the hearing date to December 14, 2018.  Appellant received notice of the rescheduled hearing date on December 11, 2018, three days before the rescheduled hearing date.  Clearly, Appellant received proper notice of the hearing date.  As such, he had adequate time to prepare.  Accordingly, we overrule Appellant's first issue.

*B. Plea to the Jurisdiction*

Appellant next argues that the trial court erred in granting the County's plea to the jurisdiction.  Before a court may dispose of a case, it is essential that the court possess subject-matter jurisdiction.  *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000).  A plea to the jurisdiction is a dilatory plea and a proper method by which to challenge a trial court's subject-matter jurisdiction.  *Id.* at 554.  Whether a trial court has subject-matter jurisdiction over a case is a question of law that we review de novo.  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Ector Cty. v. Breedlove*, 168 S.W.3d 864, 865 (Tex. App.—Eastland 2004, no pet.).

A plea to the jurisdiction can take two forms: (1) a challenge to the plaintiff's pleadings regarding his allegation of jurisdictional facts or (2) an evidentiary challenge to the existence of jurisdictional facts.  *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *Miranda*, 133 S.W.3d at 226–27.  The plea may challenge the pleadings, the existence of jurisdictional facts, or both.  *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018); *City of Merkel v. Copeland*, 561 S.W.3d 720, 723 (Tex. App.—Eastland 2018, pet. denied).

4

As such, the purpose of a plea to the jurisdiction is to defeat a pleaded cause of action without reaching the merits. *Blue*, 34 S.W.3d at 554.

Here, the County's plea only challenged Appellant's pleadings. Because a pleadings challenge is before us, Appellant bore the burden of alleging facts that affirmatively demonstrated the trial court's subject-matter jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226. Therefore, we must accept as true all factual allegations in Appellant's pleadings, construe them liberally in his favor, and look to his intent. *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 8 (Tex. 2015); *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Tex. Mun. League Intergovernmental Risk Pool v. City of Abilene*, 551 S.W.3d 337, 342–43 (Tex. App.—Eastland 2018, pet. dism'd). Furthermore, we review and evaluate pro se pleadings by less stringent standards than we do when considering pleadings drafted by lawyers. *Thomas v. Collins*, 860 S.W.2d 500, 503 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

At the hearing on the County's plea, neither party presented evidence. Therefore, it was Appellant's burden to plead sufficient facts to affirmatively show that the trial court had subject-matter jurisdiction of the case. Consequently, our review is limited to the factual allegations in Appellant's pleadings.

*C. Governmental Immunity*

Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Governmental immunity is derived from the State's sovereign immunity. Therefore, the political subdivisions of the State, such as a county, are afforded the same immunity protections as the State. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011).

Governmental immunity embraces two concepts: immunity from suit and immunity from liability. *Reata*, 197 S.W.3d at 374; *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit deprives courts of subject-matter jurisdiction and completely bars actions against governmental entities unless the State has expressly consented to suit. *Id.*; *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Immunity from liability is an affirmative defense, not a matter of subject-matter jurisdiction; however, this immunity must still be waived by the State. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *Miranda*, 133 S.W.3d at 224. Because immunity from suit defeats a trial court's subject-matter jurisdiction, it is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225–26. In the matter before us, we are concerned only with immunity from suit.

The term "sovereign immunity" applies to the State and the divisions of state government. *Goodson v. City of Abilene*, 295 S.W.3d 692, 694 (Tex. App.—Eastland 2009, no pet.). Although the terms "sovereign immunity" and "governmental immunity" are often used interchangeably, "governmental immunity" is the proper term to use when referring to political subdivisions of the State, such as cities, counties, and school districts. *Id.* Governmental immunity operates like sovereign immunity. Therefore, if the State retains sovereign immunity, its political subdivisions retain governmental immunity. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Governmental immunity will negate a trial court's subject-matter jurisdiction. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).

*D. Analysis*

Appellant's claims against the County arise under the TTCA. Because it is undisputed that the County is a governmental entity and a political subdivision of the State, the County would be entitled to governmental immunity unless its immunity from suit has been specifically waived by statute. *See, e.g.*, *Univ. of Texas M.D. Anderson Cancer Center v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019). The legislature has provided for a limited waiver of immunity in certain instances. One instance is contained in Section 101.021 of the TTCA. *Dallas Cty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998). This provision expressly waives a governmental entity's immunity for:

> (1) [P]roperty damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A) the property damage, *personal injury*, or death *arises from the operation or use of* a motor-driven vehicle or *motor-driven equipment*; and
> >
> > (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) *[P]ersonal injury* and death so *caused by a condition or use of tangible personal* or real *property* if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2019) (emphasis added).

Appellant's final amended pleading, the "operative pleading" below, alleged that the County failed to supervise him and provide adequate medical treatment. We have considered Appellant's pleaded claims and conclude that none of these claims implicate the TTCA's limited waiver of immunity. Therefore, the trial court's determination that it lacked subject-matter jurisdiction of this case, and the granting of the County's plea, were proper.

7

To invoke the TTCA's waiver provision, a claimant must sufficiently plead that the complained of injury was caused by the negligent use or operation of a motor-driven vehicle or equipment, or by a use or a condition of tangible property. *See id.*; *Bossley*, 968 S.W.2d at 342–43. The claimant must also show that a causal "nexus" exists between the injury complained of and either the use of tangible property or the operation of a motorized vehicle or motor-driven equipment. *LeLeaux v. Hampshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992).

Here, Appellant's pleaded negligence claims are not in any manner factually based on an alleged use or misuse of tangible property or the negligent use or operation of a motor-driven vehicle or equipment. In fact, Appellant's claims focus solely on the inaction of certain County employees by failing to care for and monitor him and their nonuse of property (the alleged faulty security camera) in that regard. It is well settled that negligence claims asserted against a governmental entity based on the nonuse of tangible property or the governmental entity's failure to act are not actionable and do not trigger the TTCA's limited waiver of immunity. *Harris Cty. v. Annab*, 547 S.W.3d 609, 614 (Tex. 2018); *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001); *Tex. Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 869–70 (Tex. 2001); *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996); *Kassen v. Hatley*, 887 S.W.2d 4, 14 (Tex. 1994). Moreover, because Appellant only alleges that his injuries were caused by the inaction and nonuse of property by certain County employees, the requisite causal nexus is also lacking. Consequently, there is no waiver of the County's governmental immunity.

*E. Opportunity to Amend*

After the trial court granted the County's plea, Appellant did not request the opportunity to amend his pleadings to cure any potential jurisdictional deficiencies. If a plaintiff does not allege sufficient facts to affirmatively establish a trial court's subject-matter jurisdiction and if any such pleading defects could be cured by

amendment, then a plaintiff should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. However, if a plaintiff's pleadings affirmatively negate the existence of subject-matter jurisdiction, a trial court may properly grant a plea to the jurisdiction without affording the plaintiff the opportunity to amend. *Id.*

Here, Appellant's operative pleading demonstrates that the County is immune from suit. Furthermore, Appellant has failed to plead, and cannot plead, any facts that would show a waiver of the County's immunity. As such, even if requested, there is no pleading amendment that Appellant could present that would cure his inability to establish the trial court's subject-matter jurisdiction over his case.

*F. Motion for New Trial*

Appellant has filed a "motion for new trial" with this court. When Appellant filed that motion, we treated it as a request for further relief from this court in the form of a remand. The relief, a remand, that Appellant requested in the motion has been addressed in our discussion of his issues on appeal. Insofar as the motion is a request for further relief from this court, for the reasons already set forth, we overrule it.

Finally, in addition to matters raised in his motion for new trial, we note that Appellant has made numerous complaints about trial court officials and law enforcement personnel associated with the County. These complaints, contained in correspondence filed with this court, also appear to request relief in the form of a remand and to allege a new complaint against a County officer. However, we are without the authority to consider them.

### III. *Conclusion*

It was Appellant's burden to plead sufficient facts to affirmatively show that the trial court had subject-matter jurisdiction over his case. When we apply the applicable standards to Appellant's operative pleading, we conclude that Appellant has failed to satisfy his burden. Even construing Appellant's operative pleading

9

most liberally, it is clear that Appellant did not, and cannot, affirmatively show that subject-matter jurisdiction exists in this case. Accordingly, because the County is entitled to governmental immunity and because no waiver of immunity exists or can be pleaded, we overrule Appellant's second issue.

## IV. *This Court's Ruling*

We affirm the order of the trial court.


W. STACY TROTTER

JUSTICE


December 18, 2020

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.